UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

VALERIE SMITH                                         CIVIL ACTION

VERSUS                                               NO.  13-6421

HOME DEPOT U.S.A., INC.                             SECTION "N"  (1)

**O R D E R**

Now before the Court is Defendant's Motion for Summary Judgment (**Rec. Doc. 61**).

Plaintiff filed a response in opposition (**Rec. Doc. 65**), and Defendant filed a reply (**Rec. Doc. 75**).

For the reasons stated herein, **IT IS ORDERED** that Defendant's Motion (**Rec. Doc. 61**) is

hereby **GRANTED**.

**I. Background**

Plaintiff, Valerie Smith, is an African American female and is 45 years of age.  (Rec. Doc.

65 at p. 1).  Plaintiff began working for Defendant, Home Depot U.S.A., Inc. ("Home Depot"), in

2001. (*Id.*).  Plaintiff has held the following positions with Defendant: cashier, return clerk, freight

team member, plumbing associate, receiving clerk, front end supervisor, and electrical supervisor,

among others.  (*Id.*).  In 2007, Plaintiff became Front End Supervisor of Store 365 in Slidell,

Louisiana. (Rec. Doc. 61 at p. 2).  Sometime between 2009 and 2010, Plaintiff took and passed the

Retail Management Assessment ("RMA"), the test required to be promoted to a management

position with Defendant.  (*Compare* Rec. Doc. 61 at p. 3 and Rec. Doc. 65 at p. 1).  However, the

RMA scores expire after two years.  (Rec. Doc. 65 at p.2).  Accordingly, Plaintiff retook and, again,

passed the RMA in June 2012. (*Id.*).  Also in June 2012, Plaintiff inquired about an Assistant Store

Manager ("ASM") position at the Laplace store.  (Rec. Doc. 61-1 at p. 4).  Plaintiff interviewed for the Laplace position on July 2, 2012, but she did not receive an offer for the position.  (Rec. Doc. 65 at p. 3).  Instead, the position was filled by Jacqueline Bourg, a Caucasian female, 34 years of age,  who was an ASM at another store within the district prior to taking the Laplace position.  (Rec. Doc. 61-1 at p. 11).

Sometime between February and March of 2013, Plaintiff also interviewed for a position as the Merchandising ASM at the Picayune store.  (Rec. Doc. 65 at p. 5; Rec. Doc. 61-1 at p. 4).  The position was ultimately offered to Clint Charles.[1]  In September 2013, Plaintiff became aware of a position, for which she did not apply and was not offered to interview, at the Covington store that was eventually filled by Louis Depascaul, a Caucasian male.  (Rec. Doc. 65 at p. 5, 14).

On June 7, 2012, Plaintiff called, and allegedly emailed thereafter, AACG, Home Depot's Human Resource call center, to complain that she had not been promoted and that her supervisor, Scott Corry, a Caucasian male, threatened to transfer her to Millwork, a separate department within the Slidell store.  (*Id.* at p.3)  In addition, on July 6, 2012, Plaintiff called AACG to complain about not being promoted.  (*Id.*). On September 29, 2012, Plaintiff again called AACG with complaints.  (*Id.*).  In October 2012, Plaintiff filed a charge with the EEOC for discrimination, hostile work environment, and retaliation.  On November 17, 2013, Plaintiff filed the instant suit.  The following day, on November 18, 2015, she was transferred to serve as the Electrical Department Supervisor for the Slidell store.  (*Id.*; Rec. Doc. 61-1 at p. 6).

## II. <u>Summary Judgment Standard</u>

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be

---

[1] While not explicitly indicated any of the instant pleadings, the Court assumes based on the assertions contained Plaintiff's Deposition that Clint Charles is a Caucasian male.  (*See* Rec. Doc. 61-1 at p. 10-11).

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations

3

omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment.  *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").  Thus, the nonmoving party  should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.  *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."  *Little,* 37 F.3d at 1075.  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### III.  Application of the Legal Standard

In this case, Plaintiff has alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 62, race and gender discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, Louisiana state law equivalents of the ADEA and Title VII, retaliation in violation of both Title VII and the ADEA, negligence, hostile work environment in violation of Title VII, and intentional infliction of emotional distress.  The Court

addresses these claims in order.

### A. Discrimination in Violation of the ADEA and Title VII[2]

In an employment discrimination case, a plaintiff may present either direct or circumstantial evidence to prove her claim. *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir.2000). Direct evidence is evidence that proves the fact of discriminatory animus without inference or presumption. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir.2002). If the plaintiff can identify direct evidence of discrimination, the burden shifts to the defendant to establish that the employment decision in question would have occurred regardless of the "forbidden factor." *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993) (internal citations omitted). Absent direct evidence of discriminatory conduct, however, the plaintiff must demonstrate, pursuant to the burden shifting frame work found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), that: (1) she was in the protected class; (2) she was qualified for the position; (3) she suffered adverse employment action; and (4) she was replaced by someone outside of the protected class or treated less favorably than similarly situated employees. *See, e.g., Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (applying *McDonnell Douglas* to the ADEA); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001) (application of the *McDonnell Douglas* frame work to Title VII claims). If the plaintiff can establish the elements listed above, the burden will shift to the defendant to show a legitimate, non-discriminatory purpose for termination. *Id.* To succeed in proving her claims, however, the plaintiff is entitled to show that any non-discriminatory purposes offered by the defendant are merely a

---

[2] Louisiana courts routinely look to federal jurisprudence when interpreting state law discrimination claims. *Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir. 1989). Accordingly, the analysis would be the same on Plaintiff's state law claims.

pretext for discrimination by presenting evidence of disparate treatment or demonstrating that the proffered explanation is false. *Id.* A showing that the unsuccessful employee was "clearly better qualified," as opposed to merely better or as qualified, than the employee selected will be sufficient to prove that the employer's proffered reasons are pretext. *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir.1995).

As an initial matter, contrary to Plaintiff's contentions contained in her brief in opposition (Rec. Doc. 65 at p. 8-10), the Court does not find any direct evidence of age, racial, or sexual discrimination. Plaintiff misses the point that direct evidence is evidence that shows animus without inference. In fact, Plaintiff relies primarily on unsubstantiated claims of Home Depot's "undocumented and unspoken" policies, which allegedly resulted in discrimination. The Court has not been presented with any evidence demonstrating discriminatory intent without inference or presumption. Accordingly, the Court must proceed with its analysis under the *McDonnell Douglas* framework.

### 1. Failure to Promote

First, Plaintiff alleges violations of the ADEA and Title VII in connection with three potential promotions to ASM positions at the Laplace, Picayune, and Covington stores, as well as discrimination in the training for promotional opportunities. (Rec. Doc. 65 at p. 10-13.).

### i. ADEA

Absent direct evidence, the *McDonnell Douglas* burden-shifting framework applies. *Moss*, 610 F.3d at 922. To make a prima facie case for failure to promote, Plaintiff must show she: "(1) [] was over forty [(40)], (2) was qualified for the position sought, (3) was not promoted, and (4) the position was filled by someone younger or the failure to promote was due to [her] age. *Tratree v.*

*BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008).  "To establish a disparate-treatment claim under the plain language of the ADEA... a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."  *Kean v. Jack Henry & Associates, Inc.*, 577 F. App'x 342, 350 (5th Cir. 2014) (internal citation omitted).  Home Depot does not dispute that the first three elements are satisfied.[3]

Significantly, it appears Plaintiff has effectively withdrawn her age discrimination claim concerning each of the three positions in question.  Plaintiff does not attempt to argue nor does she provide any evidence that the Laplace, Picayune, and Covington positions were filled by younger persons outside of the protected class; additionally, Plaintiff conspicuously omits any evidence that her failure to receive the promotions in question were due to her age.  The only evidence the Court can find concerning the ages of the three individuals who ultimately received the positions is contained in Home Depot's briefing.  However, the sole individual who is in fact younger than Plaintiff, based on the evidence in the record, is Ms. Bourg, who received the ASM position at the Laplace store.  The evidence shows that Mr. Charles, the recipient of the position at the Picayune store, is actually older than Plaintiff.  (Rec. Doc. 61-1 at p. 14).  Plaintiff does not argue, and presumably does not know, the age of Mr. Depascaul.  Therefore, Plaintiff has not made out a prima facie case for age discrimination because she has not satisfied the fourth element of her claim.  Plaintiff has not offered any evidence showing that the positions sought were filled by a younger person or the failure to promote was due to her age.  Alternatively, even if this Court were to accept

---

[3]  Defendant cites to two "failure to promote" cases in its motion for summary judgment to establish the requisite elements.  (Rec. Doc. 61-1 at p. 12).  Both cases cited concern race discrimination claims as opposed to age discrimination claims and, as a result, present a fourth element that is different than that seen above.  *See Culbert v. Cleco Corp.*, 926 F. Supp. 2d 886, 893-94 (W.D.La. Feb. 19, 2013) (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).  Accordingly, the Court does not apply the fourth element cited by Defendant but instead relies on *Tratree* to establish the elements of an *age* discrimination suit.

that Plaintiff had established the fourth element as applied to either the Laplace or Covington positions, she has not shown any evidence that the alleged reasons for hiring Ms. Bourg and Mr. Depascaul are pretextual.

Home Depot asserts that it did not promote any one of the three applicants to the Laplace position because all of the applicants, including Plaintiff, lived too far away.  Assuming Plaintiff, and not Defendant, presented evidence of Ms. Bourg's age, Plaintiff ultimately fails to show any evidence indicating that Home Depot's explanation was pretextual as required under *McDonnell Douglas*.  Notably, Plaintiff does not argue that she was *clearly* better qualified than Ms. Bourg. In fact, Ms. Bourg was already serving as ASM at another store within the district, and was not actually promoted, but transferred, to the Laplace position.  Additionally, Plaintiff does not argue that Defendant's failure to promote was in any way a result of Plaintiff's age.  Viewing all inferences in Plaintiff's favor, the Court cannot find any other evidence that would even tend to show the reasons proffered by Home Depot relating to the decision to hire Ms. Bourg were false or that Plaintiff suffered disparate treatment.

Finally, assuming Plaintiff had proved Mr. Depascaul's age or that her age was the but-for cause of the failure to promote, she fails to point to any credible evidence of pretext in connection with the Covington position.  Plaintiff argues that she was more qualified than Mr. Depascaul because she "was considered the best" front-end/operations supervisor.  (Rec. Doc. 65 at p. 13). However, after reviewing the record, the Court does not find any evidence that Plaintiff was *clearly* better qualified for the position than was Mr. Depascaul.  In fact, Plaintiff mischaracterizes Mr. Corry's deposition testimony.  Mr. Corry did not say that Plaintiff was the best front-end/operations supervisor, but that she was "high performing."  (Rec. Doc. 65-4 at p. 9, Corry Deposition p. 34).

Such an assertion does not sufficiently demonstrate disparate treatment or falsity of Home Depot's proffered nondiscriminatory reasons.  Significantly, Plaintiff does not offer any other evidence of pretext to support her claim as it pertains to the Covington position.  Therefore, the Court does not find Plaintiff can meet her burden for any of her three failure to promote claims under the ADEA, and the claims are hereby dismissed.

### ii. Title VII

To make a prima facie case of race or gender discrimination in the failure to promote context, Plaintiff must show: "(1) that [she] is a member of the protected class; (2) that [she] sought and was qualified for the position; (3) that [she] was rejected for the position; and (4) that the employer continued to seek or promoted applicants with the plaintiff's qualifications." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).  Defendant does not contest elements (1)-(3) with regard to the Laplace and Picayune positions.  In connection with the Covington position, Home Depot contends, in its defense, that Plaintiff never applied for the position.  (Rec. Doc. 75 at p. 8).  However, for purposes of this analysis, the Court assumes that, because Plaintiff told Home Depot that she wanted to be considered for all ASM openings within a one-hundred (100) mile radius, she actively sought all positions in that area including the Covington position, and she was not afforded an opportunity to apply or interview for it.  (*See* Rec. Doc. 65 at p. 10).  While the specific discrimination claims as to each position are not explicit in the Plaintiff's briefing, the Court presumes that Plaintiff asserts race discrimination, alone, with the Laplace position (Ms. Bourg is a Caucasian female) as well as race and sex discrimination in connection with the Picayune and Covington positions (both Mr. Charles and Mr. Depascual are Caucasian males).

### a. Laplace Position

Home Depot proposes that Plaintiff cannot establish the fourth element of her prima facie claim because no one was *promoted* to the Laplace position. In fact, Home Depot avers, Ms. Bourg was *transferred* into the position as an existing ASM from another store. (Rec. Doc. 61-1 at p. 20-21). As a result, Home Depot contends that the person who ultimately took the position did not match Plaintiff's qualifications, but rather that Ms. Bourg had *superior* qualifications. While Plaintiff counters with a series of arguments relating to pretext, she does not address Home Depot's contention that she has not sufficiently established a prima facie case. (*See* Rec. Doc. 65 at p. 11).

The Court agrees with Home Depot and finds that Plaintiff has not sufficiently established the fourth element of her Title VII discrimination claim here because she has not presented any evidence indicating that Home Depot continued to seek or promoted another individual with Plaintiff's qualifications. Moreover, assuming Plaintiff could make a prima facie case, she has not met her burden of showing that the nondiscriminatory reason proffered – all of the individuals interviewed, including Plaintiff, lived too far from the store – was a pretext for discrimination. In response, Plaintiff merely suggests that the reason provided is false because Mr. Corry, her superior at the Slidell store, lives "a considerable distant (sic)" from his store. However, Plaintiff fails to provide the Court with any evidence to support this claim or explain why it matters.

Plaintiff also purports an indecipherable argument related to a complaint made by Plaintiff's sister to Patty Stoddard, District Manager at the Laplace store. The argument lacks coherence and the statement offered in support is hearsay. Regardless, the Court does not see how the complaint relates to her claim of discrimination.

### b. Picayune Position

Home Depot does not contest that Plaintiff has established a prima facie case under Title VII here.  However, Home Depot argues that Plaintiff has failed to meet her burden of showing that its nondiscriminatory reasons are false, unworthy of credence, or that Plaintiff was subject to disparate treatment.  In support of its nondiscriminatory purpose, Home Depot asserts that Mr. Charles was hired over Plaintiff because he interviewed better than Plaintiff and, during the interview, described a detailed plan for his first three months in that position, should he be selected.  (Rec. Doc. 61-1 at p. 14).  In response, Plaintiff implies a connection between Mr. Corry and Barry Todd, the person who conducted the interviews and was ultimately responsible for the promotion decision at the Picayune Store.  As evidence of pretext, Plaintiff suggests Mr. Corry likely informed Mr. Todd of Plaintiff's EEOC complaint in or around the time of the interview.  (Rec. Doc. 65 at p. 12).  To support this assumption, Plaintiff suggests that the two managers were good friends and worked together at another Home Depot location.  Plaintiff further alleges that Home Depot's explanation for why she did not get the promotion – that Plaintiff lacked merchandising experience – is pretext because Mr. Charles, who ultimately took the position, did not have the same amount of operations experience as she did.

However, neither of these allegations are supported by the record as demonstrating evidence of pretext.  Specifically, Plaintiff has no evidence, other than her own unsupported speculation and/or suspicion, of any communications between Mr. Corry and Mr. Todd about her EEOC allegations or that the information, even if known and communicated, had any affect on the hiring decision.  (*See* Rec. Doc. 65-4 at p. 48-51).  And, simply suggesting that an individual has *different* qualifications as a means of showing pretext is insufficient to show that she was clearly better

qualified.  Plaintiff has not argued any other grounds for this Court to find that Home Depot's nondiscriminatory reasons are a pretext for discrimination.

### c. Covington Position

Home Depot did not address the Covington position in its original memorandum.  However, Plaintiff, in her response in opposition, asserts that she was better qualified than Mr. Depascaul because he did not have any front-end/operations experience.  In its reply, Home Depot, apparently conceding that Plaintiff has established her prima facie case, counters that Mr. Depascaul did in fact hold two operations' positions as an operations supervisor.  (Rec. Doc. 75 at p. 9; Exh. B).  Again, the Court finds Plaintiff's assertions to be unsupported by the record and based solely on Plaintiff's conjectures.  Without evidence in support, Plaintiff's speculative statements that the person hired was less qualified than Plaintiff is insufficient for purposes of surviving summary judgment. Plaintiff has not presented to the Court any other grounds for finding pretext regarding the Covington position.  Therefore, the Court finds that Plaintiff has not sufficiently demonstrated that Home Depot's reason are pretextual under these circumstances.

### 2. Disparate Training

Plaintiff also contends that she was discriminated against when she did not receive the same training as her Caucasian counterparts.  (Rec. Doc. 65 at p. 13).  However, a review of the record does not reveal that she was treated any differently than her Caucasian peers in the RMA training programs offered.  Plaintiff's claim here is wrought with unsubstantiated allegations and hearsay. Accordingly, Plaintiff has not established the elements of her Title VII discrimination claim pertaining to disparate training.

### 3. Adverse Transfer

Plaintiff alleges that she was "demoted" to Electrical Supervisor on November 18, 2013.  It is apparent from the briefing that Plaintiff does not claim that this demotion was an adverse employment action for purposes of her discrimination claims but rather that the alleged demotion relates to her retaliation claim.  Therefore, the Court will address the demotion claim in the following section.  However, even if the Court were to analyze the transfer as a Title VII discrimination claim, the Court agrees with Home Depot's reasoning that Plaintiff has not met her burden of establishing prima facie case nor has she shown that the transfer is a pretext for discrimination.

In sum, based on the reasoning above, Plaintiff has failed to meet her burden under the *McDonnell Douglas* framework for each of her ADEA and Title VII claims.  Accordingly, summary judgment is appropriate, and those claims are hereby dismissed.

### B. Retaliation

Plaintiff also alleges claims of retaliation in violation of Title VII and the ADEA.  The parties agree that to prove a retaliation claim under either Title VII or the ADEA, Plaintiff must show: "(1) the employee has engaged in activity protected by Title VII [or the ADEA]; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 (5th Cir. 2003) (internal citation omitted). "Protected activity is activity that opposes any practice rendered unlawful by Title VII [or the ADEA], including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing. *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830-31 (E.D. La. Mar. 15, 2012) (internal quotations

omitted).  To be considered acting in opposition to any unlawful practice under Title VII or the ADEA, Plaintiff must only show that she had a reasonable belief that Home Depot was engaged in unlawful employment practices. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).  An adverse employment action is "one that 'a reasonable employee would have found... [to be] materially adverse... [meaning] it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Puente v. Ridge*, 324 Fed.Appx. 423, 429 (5th Cir.2009) (internal citation omitted).  An employment action is not materially adverse if it amounts to only "petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry Co. v. White*, 548 U.S. 53, 68 (2006).  To make out the causation element, Plaintiff must also demonstrate that the protected activity was the but-for cause of the adverse employment action. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

### 1. Protected Activity

Here, the parties contest when the requisite protected activity occurred.  Plaintiff makes a number of assertions as to when her protected activity began.  However, for purposes of this analysis, the Court assumes that the protected activity began no earlier than October 10, 2012 and, more likely, October 24, 2012, when Plaintiff filed suit with the EEOC.  In addition, the Court finds that the filing of the instant suit on November 17, 2013 is properly considered protected activity. To the extent that Plaintiff argues that she engaged in protected activity prior to October 2012, the Court finds that she fails to demonstrate any action that could be construed as opposing Home Depot's allegedly unlawful and discriminatory efforts.  For instance, Plaintiff references a handful of complaints that she allegedly made to Home Depot during the period between May and July of 2012. (Rec. Doc. 65 at p. 15-16).  Yet, the Court cannot find any evidence indicating that Plaintiff's efforts

could be construed as opposing the purported discriminatory activity. Furthermore, Plaintiff alleges that she informed Tracey Gordon, Home Depot's District Human Resource Manager, in September 2013 that she would be filing a lawsuit. (*Id.* at p. 16 (citing Plaintiff's Declaration). However, Plaintiff's Declaration (Rec. Doc. 65-10) does not support that assertion and does not suggest that Plaintiff informed Ms. Gordon of any legal pursuits.

Notably, Plaintiff has presented the Court with allegations and claims, like those seen above, that misstate or mischaracterize the evidence in the record. The Court will not tolerate, much less consider, any assertions that are not arguably supported by the evidence presented. As a result, the Court finds that Plaintiff engaged in protected activity in October of 2012 when she filed her EEOC complaint and again on November 17, 2013 with the filing of this suit only. All other contentions pertaining to Plaintiff's protected activity do not suffice under Rule 56.

### 2. Adverse Employment Action

Next, Plaintiff argues an assortment of potentially adverse employment actions in her opposition memorandum. (*Id.* at p. 16-17).

### i. Demotion/Transfer

First, Plaintiff argues that her "demotion" to Electrical Supervisor constituted an adverse employment action. In support of her determination that the move to the electrical department was a "demotion," Plaintiff avers that the switch prohibited her ability to be promoted under Home Depot's "time-in-title" requirement. Home Depot counters that the change was not a demotion, but rather a "transfer" designed to provide Plaintiff with merchandising experience. Further, Home Depot proposes that Plaintiff's interpretation of its policy is incorrect because "time-in-title" means time as a "department supervisor," not time in the *same* department. (Rec. Doc. 61-9 at p. 7).

Therefore, Home Depot argues, Plaintiff's ability to be promoted was in no way affected by the move and, in actuality, was designed for her benefit.  (Rec. Doc. 61-1at p. 23).  Plaintiff has not offered any evidence to the contrary.  Accordingly, the Court will analyze the move to Electrical as a "lateral transfer."

The Fifth Circuit has discussed certain criteria indicating when a lateral transfer is an adverse employment action for discrimination purposes.  *Alvarado v. Texas Rangers*, 492 F.3d 605, 614 (5th Cir. 2007).[4]  "In determining whether the new position is objectively better, a number of factors may be relevant, including whether the position: entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career advancement; requires greater skill, education, or experience; is obtained through a complex competitive selection process; or is otherwise objectively more prestigious."  *Id.*  Considering these factors as they pertain to the record, the Court finds a question of material fact as to whether the transfer at issue establishes an adverse employment action.  Therefore, Plaintiff has met her burden of establishing the first two elements of her retaliation claim relating to her transfer to Electrical.

### ii. Threat of Transfer

Second, Plaintiff argues that the "threat" to move her to Millwork in June 2012 constitutes an adverse employment action.  However, as previously indicated, the Court does not find any evidence that tends to establish protected activity prior to October 2012.  Thus, any alleged "threats" prior to October 2012 do no amount to an adverse employment action for purposes of her retaliation claim.

---

[4] Even though the Supreme Court expressed in *Burlington*, *supra*, that an adverse employment action is actually defined under a broader standard when considered in the context of a retaliation suit as opposed to a discrimination suit, the Court references the factors presented in *Alvarado* as guidance.

### iii. RMA Testing

Third, Plaintiff insists that because she was not allowed to sit for the 2014 RMA she suffered an adverse employment action.  However, the Court has not been presented with, nor can it find, any evidence, other than the unsubstantiated and speculative assertions made by Plaintiff herself, indicating that she was prohibited from taking the test.  Additionally, Plaintiff admits, in direct contradiction to her argument,  that she has not attempted to take the RMA since 2012.  (*See* Rec. Doc. 65-4 at p. 29; 61-5 at p. 2 (Smith Deposition p. 116, 12-16)).  Therefore, the Court finds that Plaintiff has failed to establish sufficient evidence of an adverse employment action here.

### iv. Performance Review

Fourth, Plaintiff avers that her performance review, taken in March 2014, resulted in a mid-grade assessment as "Valued Associate" and "Promotable," not a "Top Performer" assessment. Plaintiff claims that the assessment prohibited her from receiving the maximum potential raise. Over the course of her career at Home Depot, Plaintiff received assessments in both categories. (Rec. Doc. 65-3 p.1-8).  Presumably, Plaintiff is not entitled to a "Top Performer" assessment; however, there is a genuine issue of fact as to whether the evaluation, limiting her raise potential, constitutes an adverse action.

### v. Laplace, Picayune, and Covington Positions

Fifth, Plaintiff asserts that she was denied promotions at the Laplace, Picayune, and Covington stores.  The Laplace interview and decision took place prior to October 2012, and the Court will not consider it for purposes of establishing an adverse employment action.  On the other hand, the Picayune and Covington promotions occurred after that date.  The Court finds that denying a qualified employee a promotion is sufficient, at this stage in the proceeding, to satisfy the second

element of Plaintiff's retaliation claim.

### vi. Other Claims

Plaintiff's remaining contentions either relate to activity that occurred prior to October 2012 or do not establish an adverse employment action because they either contradict, misstate, or mischaracterize evidence in the record or the claims consist of inadmissible evidence. (*See* Rec. Doc. 65 at p. 18; 19-21). For instance, Plaintiff cites to Home Depot's denial of her admittance into the Key Carrying Class; although, Plaintiff acknowledges being admitted into the class and has key carrying certification. The Court recognizes that there was an additional, *updated* key carrying class that Plaintiff declares she was not permitted to attend. Nevertheless, Plaintiff fails to show how this allegation comprises adverse action here because she readily admits that her "keys have not been removed from [her]" nor has she indicated any material consequences resulting from this alleged denial. Rec. Doc. 65-2 at p. 23 (Smith Depo. p.91, 22-25).

Plaintiff next argues that Nicole Casler told Plaintiff she was going to help Mr. Corry get rid of Plaintiff. Plaintiff offers no evidence to support this contention other than rank hearsay. In the alternative, the Court does not find that the alleged activity comprises an adverse employment action because Plaintiff has not put forward any suggestion that the actions rose above petty or minor annoyance. Finally, Plaintiff claims that she was not allowed to attend the supervisor meeting, and, as a result, her peers said that she had been "knocked off her high horse." Plaintiff cites to Mr. Corry's deposition as well as her own in support. However, Mr. Corry's testimony does not indicate that Plaintiff was not allowed at the meeting. (*See* Rec. Doc. 65-4 at p. 6-7; Corry Depo. p.24-28). Furthermore, even if the Court were to accept that she was not allowed to attend the meeting (because she was not listed or because no one could fill in for her while she attended), the Court

does not find that the activity constitutes an adverse action sufficient to survive summary judgment.

### 3. Causal Link

To show a "causal link" between the protected activity and the adverse employment action, Plaintiff's burden is not an onerous one, but it requires that she show some evidence that those with decision-making authority over the adverse action had knowledge of the protected activity. *Baldwin v. Holder*, No. H-09-842, 2011 WL 2078614, at *7 (S.D. Tex. May 26, 2011) (citing *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 883 n.6 (5th Cir. 2003)).  If a plaintiff can establish the decision-maker's knowledge, close timing between the protected activity and the adverse action may provide the link required to make out a prima facie case of retaliation.  *Id.*  However, the Fifth Circuit has consistently held that periods longer than four months will not suffice to provide the required link.  *Boutin v. Exxon Mobil Corp.*, 730 F. Supp. 2d 660, 678 (S.D. Tex. 2010) (citing e.g., *Bell v. Bank of Am.*, 171 Fed.Appx. 442, 444 (5th Cir.2006) (per curiam) (unpublished) (holding that a seven-month period does not support a causal link); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir.2002) (holding that a five-month period does not support an inference of a causal link); *Harvey v. Stringer*, 113 Fed.Appx. 629, 631 (5th Cir.2004) (per curiam) (unpublished) (finding that a ten-month period did not create a causal link)).

As seen above, the Court finds a genuine issue of material fact as to the adverse actions of the (1) lateral transfer, (2) evaluation assessment, (3) Picayune position and (4) Covington position. Therefore, for each alleged adverse action, Plaintiff must show that the individual with decision-making authority over the adverse action had some knowledge of her protected activity.  *Id.*

### i. Decision-making Authority

Plaintiff alleges that Mr. Corry held decision-making authority over Plaintiff's lateral transfer

to electrical and her evaluation.  Although the evaluation was conducted by Kennard Patton, Mr. Corry, as manager, presumably had authority and final say over Mr. Patton's evaluation assessment. (*See* Rec. Doc. 65-4 at p. 29, Corry Depo. p.115, 12-16).  Mr. Corry did not have decision-making authority over the Picayune or the Covington hires.  Nonetheless, Plaintiff contends that Mr. Corry had some influence in the Picayune decision only.  For purposes of this argument, the Court assumes that, while not specifically cited or referenced, Plaintiff is relying on the "cat's paw" rule.  Under that rule, Plaintiff can establish the causal link by showing that the final decision-maker was influenced or leveraged by those with retaliatory motive.  *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002). As previously discussed, Plaintiff has failed to show that Mr. Corry influenced or leveraged Mr. Todd's decision in any way.  Further, Plaintiff fails to present evidence indicating who had authority over the Covington decision or who should have notified her of the available position.  Without an indication of who the appropriate decision-maker was under the circumstances here, the Court cannot proceed in its analysis of whether that individual had knowledge of the protected activity at the time of the alleged adverse employment action.  Thus, Plaintiff has failed to establish the necessary elements of a prima facie case in connection with the Picayune and Covington store decisions.

### ii. Temporal Proximity

Because Plaintiff's only argument as to the causal link is a close proximity in time assertion, the Court will address Plaintiff's lateral transfer and her evaluation under that theory, whereby Plaintiff must show sufficient temporal proximity between either the EEOC complaint or the filing of this lawsuit and one of surviving adverse employment allegations.

20

### a. EEOC Complaint

Plaintiff initiated the EEOC complaint in October 2012, which is over a year prior to her transfer. Plaintiff contends that Mr. Corry had knowledge of the EEOC complaint in or around January - March 2013.  (Rec. Doc. 65 at p. 20;  Corry Deposition pp. 99-100).  The lateral transfer to Electrical occurred on November 18, 2013, which is, at a minimum, seven (7) months after Mr. Corry's involvement in and/or knowledge of, if any, the EEOC complaint process.[5]  Plaintiff's evaluation occurred in March of 2014 over a year after Mr. Corry allegedly knew about the complaint.  Thus, Plaintiff has not established a causal link in relation to her EEOC complaint and any adverse employment action under Fifth Circuit precedent.  *See Boutin*, 730 F. Supp. 2d at 678.

### b. Lawsuit

Second, Plaintiff asserts that in or about December 2013 Home Depot became aware of the instant lawsuit filed on November 17, 2013.  (Rec. Doc. 65 at p. 21).  Therefore, based on Plaintiff's contentions, Home Depot could not have retaliated against Plaintiff for the filing of the suit prior December 2013.  The November transfer will not suffice.  However, that still leaves Plaintiff's evaluation, which took place on March 24, 2014.  The Court finds that the evaluation is sufficiently close in time to establish a genuine issue of material fact as to the causal link element as it relates to the filing of the instant lawsuit.

### 4. Nondiscriminatory Purpose

Upon finding that Plaintiff has made a prima facie showing of retaliation, the burden shifts to the employer to show a legitimate, nondiscriminatory purpose for the adverse action.  *Septimus*

---

[5] There is little evidence in the record to indicate precisely when Mr. Corry actually knew about the EEOC complaint.  However, viewing all inferences in Plaintiff's favor, the Court finds, based on his deposition testimony and the objections by counsel contained therein, that Mr. Corry may have had knowledge at the specified time. (Rec. Doc. 65-4 at p. 25; Corry Depo. p. 97-100).

*v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). Home Depot avers that Plaintiff could not receive the evaluation of "Top Performer" because she was new to the electrical department, and instead she was ranked as "Valued Associate" and "Promotable." (Rec. Doc. 61-1 at p. 10). Plaintiff does not argue nor does she offer evidence to support that this explanation is false or unworthy of credence. Consequently, Plaintiff has not established that Home Depot's reason for the evaluation ranking was pretext. Therefore, the Court does not find a genuine issue of material fact as to Plaintiff's retaliation claim and finds that summary judgment in favor of Home Depot is appropriate for the reasons previously stated.

### C. Negligence

Home Depot argues that Plaintiff's negligence claim is barred under Louisiana's Workers' Compensation Act. (Rec. Doc. 61-1 at p. 30). Plaintiff does not address this assertion in her opposition memorandum. Therefore, the Court finds that argument, in addition to being well founded, has been conceded.

### D. Harassment/Hostile Work Environment

In its motion, Home Depot argues that Plaintiff's harassment and hostile work environment claims should be dismissed because Plaintiff fails to connect any of the alleged conduct to Plaintiff's protected characteristics. Plaintiff conflates her arguments related to her harassment and hostile work environment claims with many of her other allegations throughout her opposition. (*See* Rec. Doc. 65 pp. 20, 22, 24). However, the Court considered all of those assertions in the instant analysis. To establish a claim of hostile work environment under Title VII, a plaintiff must prove that she (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race [or gender]; (4) the harassment complained of affected

a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002)). To establish a hostile work environment claim under the ADEA, Plaintiff must show: (1) she was over the age of 40; (2) she was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

Plaintiff's claim of harassment and hostile work environment center around the activities of Nicole Casler and Mr. Corry. (Rec. Doc. 65 at p. 23-24). Primarily, Plaintiff relies on the allegedly subversive conduct of Ms. Casler as evidence of harassment. (*Id.*). In addition to conduct discussed above in connection with her discrimination and retaliation claims, Plaintiff argues that Mr. Corry forced her to work the late shift on occasion and berated her in front of her peers. (*Id.* at p. 24). However, Plaintiff fails to argue or reference any evidence of how any of this alleged harassment was connected to, based on, or related to her race, gender, or age. Therefore, for this reason and substantially similar reasoning to that found in Home Depot's motion for summary judgment, the Court finds that Plaintiff has failed to meet her burden as it relates to her claim for hostile work environment.

### E. Intentional Infliction of Emotional Distress

To prove intentional infliction of emotional distress, Plaintiff must show: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress of the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe

23

emotional distress would be certain or substantially certain to result from his conduct.  *Washington v. Mother Works, Inc.*, 197 F. Supp. 2d 569, 572 (E.D. La. 2002) (citing  *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991)).

The Court finds that Plaintiff has not presented any evidence indicating that Home Depot's actions were extreme or outrageous under the circumstances here.  Moreover, she has not sufficiently demonstrated that Home Depot intended to inflict severe emotional distress or that such distress would be substantially certain to result.  Accordingly, the Court agrees with the analysis contained in Home Depot's briefing and hereby dismisses Plaintiff's claim for intentional infliction of emotional distress.

**IV. Conclusion**

For the reasons stated herein, Home Depot's motion for summary judgment is hereby **GRANTED**, and Plaintiff's claims are hereby dismissed in their entirety.

New Orleans, Louisiana, this 7th day of April 2015.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

24